## STATE OF FLORIDA v SALT

### Case No. 87-314 AC (County Court Case No. 00806, 7KF)

Eleventh Judicial Circuit, Appellate Division, Dade County

May 9, 1988

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Ivy R. Ginsburg,** Assistant Attorney General, for appellant.

**Abbie R. Horwitz** for appellee.

Before GOLDMAN, SALMON, BLOOM, JJ.

### OPINION OF THE COURT

PER CURIAM

This is an appeal from a judgment setting aside a conviction based upon a guilty plea.

We reverse.

On August 16, 1982, Defendant, age 17, entered a plea of guilty to the charge of Driving with an Unlawful Blood Alcohol Level. On July 15, 1987, Defendant filed a motion to set aside the judgment and conviction. The trial court granted the motion and set aside the judgment and conviction and this appeal ensued.

The State argues:

a) the Court lacked jurisdiction over the Defendant when the motion was filed;

b) the Defendant lacked standing to seek relief under Rule 3.850;

c) Defendant's motion cannot be considered as a petition for a writ of habeas corpus;

d) Defendant's motion should not be treated as a writ of error coram nobis;

e) Defendant is barred by the doctrine of laches.

At the hearing on Defendant's motion, the trial judge made no finding that the plea was not given voluntarily or that the Defendant did not understand the nature of the plea. The trial judge merely stated: "I don't like it." This is not a sufficient basis upon which to set aside a plea.

We agree with the State concerning points a) thru d) as set forth above. The judgment setting aside the conviction is reversed.

Defendant has, however, filed application for leave to file a petition for writ of error coram nobis. This application is granted and the trial court is directed to proceed with a hearing on said petition.